UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| JASON TYE MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:16-CV-068 JD |
| | ) | |
| TIPPECANOE COUNTY CIRCUIT | ) | |
| COURT, et al. | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Jason Tye Myers, a pro se prisoner, is attempting to sue State courts and State court judges

(including every member of the Indiana Supreme Court) based on judicial rulings made in his State

court case and appeals. He is seeking injunctive relief compelling the State courts and judges to

reopen his State court lawsuit. "A document filed pro se is to be liberally construed, and a pro se

complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and

citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits

of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief against a defendant who is immune

from such relief.

This case is clearly barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust

Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462

(1983).

> Under the *Rooker-Feldman* doctrine, lower federal courts lack subject-matter
> jurisdiction when, after state proceedings have ended, a losing party in state court
> files suit in federal court complaining of an injury caused by the state-court

judgment and seeking review and rejection of that judgment. In determining whether a federal plaintiff seeks review of a state-court judgment, we ask whether the injury alleged resulted from the state-court judgment itself. If it does, *Rooker-Feldman* bars the claim.

*Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007) (citations omitted). Simply put, the *Rooker-Feldman* doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims 'inextricably intertwined' with state court judgments." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). This is such a case. Myers brought this case because he does not believe that he should have lost his state court case. Therefore these claims are barred by *Rooker-Feldman*.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, No. 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Here, it is not possible for Myers to challenge his unfavorable State court results in federal court and any amendment seeking to do so would be futile. Yet, this is not the first time that he has brought such a case. In *Myers v. Wiete*, 4:15-CV-72 (N.D. Ind. filed August 28, 2015), he also attempted to sue most of these same judges for rulings in another State court case that he lost. In that case Chief Judge Simon explained *Rooker-Feldman* in his dismissal order entered on October 22, 2015. He then re-explained *Rooker-Feldman* in his orders of January 20, 2016, March 28, 2016, and July 15, 2016. Nevertheless, despite having lost that case, five motions to reconsider the dismissal of that case, and his appeal of that case to the Seventh Circuit, Myers filed this case on September 1, 2016. Though it is unclear whether his ongoing attempts to

sue the Justices of the Indiana Supreme Court and other State court judges is malicious, it is clear

that they are legally frivolous. For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C.

§ 1915A because it is frivolous.

     SO ORDERED.

     ENTERED:  September 14, 2016

                                /s/ JON E. DEGUILIO
                                Judge
                                United States District Judge